**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Martha Vasquez,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Target Corporation, a Minnesota corporation; Target Stores, Inc. (FN), a Minnesota corporation; John Does and Jane Does 1-10; ABC Corporations 1-10; XYZ Partnerships 1-10,<br><br>　　　　　　Defendants. | No. CV-16-01135-PHX-NVW<br><br>**ORDER** |

Defendants Target Corporation and Target Stores, Inc., removed Plaintiff's state court action to this Court, alleging diversity jurisdiction. (Doc. 1 at 1–2.) Although Plaintiff's complaint did not specify the amount of damages claimed, Plaintiff's demand letter to Defendants proposed a $95,000 settlement. (*Id.* at 2; Doc. 13-1 at 7.)

Plaintiff moves to remand, arguing Defendants have not demonstrated the amount in controversy exceeds $75,000. (Doc. 10.) On Plaintiff's view, "[i]n order for federal court jurisdiction to exist in this case, the Court must determine, as a matter of law, that Plaintiffs [sic] will recover damages in an amount sufficient to reach the jurisdictional requirement of this Court." (*Id.* at 5.)

Plaintiff is half-right: Defendants must demonstrate that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 (9th

Cir. 2002). But the Court need not find that Plaintiff will actually recover that much. The relevant inquiry "is not whether the damages are greater than the requisite amount, but whether a fact finder might legally conclude that they are." *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). The jurisdictional threshold is satisfied if the jury reasonably could award more than $75,000, even if they ultimately award less. *Id.*

Plaintiff's demand of $95,000 is relevant evidence of the amount in controversy because it appears to reflect a reasonable estimate of her claim. *Cohn*, 281 F.3d at 840. Plaintiff has made no attempt to disavow her letter or offer contrary evidence. Thus, the demand letter is sufficient to establish the amount in controversy. *Id.*

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand (Doc. 10) is denied.

Dated this 25th day of May, 2016.

Neil V. Wake
United States District Judge