Jefferson T. Collins, Bar #016428
JONES, SKELTON & HOCHULI, P.L.C.
40 North Central Avenue, Suite 2700
Phoenix, Arizona  85004
Telephone:  (602) 263-1700
Fax:  (602) 200-7825
jcollins@jshfirm.com

Attorneys for Defendants Target Corporation
and Target Stores, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Martha Vasquez,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>Target Corporation, a Minnesota corporation; Target Stores, Inc., (FN), a Minnesota corporation; John Does and Jane Does 1-10; ABC Corporations 1-10; XYZ Partnerships 1-10,<br><br>　　　　　　　　　　Defendants. | NO. 2:16-cv-01135-NVW<br><br>**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |

　　　　Defendants Target Corporation and Target Stores, Inc. ("Target"), by and through undersigned counsel, and pursuant to Rule 56, FRCP, hereby respectfully request the Court enter summary judgment in favor of Target and dismiss Plaintiff's Complaint. Target is entitled to summary judgment as Plaintiff cannot prove that she fell as a result of an "unreasonably dangerous" condition and, in the alternative, she cannot prove that Target had notice of a condition which allegedly caused her fall.  In fact the only evidence shows that she stubbed her left shoe on the floor causing her to stumble to the ground. This Motion is supported by the attached Memorandum of Points and Authorities, accompanying Separate Statement of Facts, and the pleadings in the file, incorporated herein by this reference.

5777696.1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     FACTUAL BACKGROUND**

This lawsuit arises out of a falling incident that occurred on September 17, 2014. (Defendants' Statement of Facts ("SOF") 1.) On that date, Plaintiff was shopping at a Target Store located at 10404 N. 43rd Avenue in Glendale, Arizona. (SOF 2.) Plaintiff was walking in the front aisle of the store near the cash registers and, as depicted in the store's surveillance video, Plaintiff stubbed her left shoe and she fell forward to the ground. (SOF 3.) As is depicted in the video, Plaintiff clearly did not "slip" and fall as alleged in the Complaint. (SOF 4.)

Immediately following the accident, Target employees responded to the scene of the accident and investigated. (SOF 5.) Target's leader on duty ("LOD"), Brie Griffin, was in charge of the investigation. (SOF 6.) Ms. Griffin called a "code green," indicating to other employees that there had been an accident, and Target's Senior Protection Specialist, Kaisey Farnsworth, responded to the scene of the accident with Plaintiff and Ms. Griffin. (SOF 7.) Ms. Farnsworth went to the specific area where Plaintiff indicated that she had fallen and felt the floor with her bare hand. (SOF 8.) According to Ms. Farnsworth, the floor was clean and dry, and there were no foreign substances or debris present. (SOF 9.) Further, she rubbed her shoe over the same area and confirmed it was clean and dry. (SOF 10.) Based upon her on site investigation and her review of the surveillance video, Ms. Farnsworth did not find any foreign substance or debris on the store floor which could have caused Plaintiff's fall. (SOF 11.)

Discovery in this matter is closed. To date, and after two separate attorneys have withdrawn from her case, Plaintiff has not presented any admissible evidence that there was a liquid substance on the floor which caused her fall, as alleged in her Complaint. Based upon the fact that Plaintiff has not presented any prima facie evidence to meet her burden of proof that Target was negligent, and based upon Target's uncontroverted evidence that she did not fall as a result of a foreign substance on the floor, Defendants are entitled to summary judgment.

## II.   TARGET'S POSITION

A business owner "is not an insurer of the safety of a business invitee, but only owes a duty to exercise reasonable care to his invitees."  *Walker v. Montgomery Ward & Co.*, 20 Ariz. App. 255, 258, 511 P.2d 699, 702 (1973).  For Target to be held liable for an accident occurring on its premises, Plaintiff must prove one of three circumstances: (1) Target employees created the condition that caused Plaintiff's fall, or (2) Target employees had actual notice of the condition, or (3) the condition was there for such a long time that Target had constructive notice that it was there.  *Id.; see also Borota v. University Medical Center*, 176 Ariz. 394, 396, 861 P.2d 679, 691 (Ct. App. 1993); *see also Preuss v. Sambo's of Ariz., Inc.,* 130 Ariz. 288, 289, 635 P.2d 1210, 1211 (1981) ("With respect to slip-and-fall cases, the mere occurrence of a fall on the business premises is insufficient to prove negligence on the part of the proprietor.").[1]

Therefore, it is Plaintiff's burden to prove that Target had actual or constructive notice of an "unreasonably dangerous" condition and failed to warn or remedy the condition.  Target's primary defense is that she cannot prove that her fall was the result of an "unreasonably dangerous" condition on the floor, i.e., liquid.  In the alternative, Target contends that Plaintiff cannot prove notice, as a matter of law.

There is no admissible evidence in this case that Plaintiff's accident was the result of any condition such as debris or liquid on the floor at all, let alone an "unreasonably dangerous" condition.  The uncontroverted evidence from the employees is that they responded to the scene of the accident and conducted a specific investigation of the floor where she fell and found nothing.  Ms. Farnsworth's Affidavit is uncontroverted by Plaintiff.

The store surveillance video is very compelling in this regard.  No

---

[1] Even if there is evidence of notice, Plaintiff still carries the additional burden of coming forward with evidence of and persuading the fact finder that the defendant acted unreasonably under the circumstances, despite such notice. *Chiara v. Fry's Food Stores*, 152 Ariz. 398, 401, 733 P.2d 283, 286 (1987).

5777696.1                                                           3

1  reasonable person can view the video and determine that Plaintiff "slipped" let alone due
2  to a foreign substance on the floor.  No such substance is depicted in the video and the
3  video clearly shows that Plaintiff's unfortunate accident was the result of simply stubbing
4  her left shoe on the floor, causing her to fall forward.  Target is entitled to summary
5  judgment on this preliminary issue which is there is no factual dispute as to what caused
6  Plaintiff to fall, and she clearly cannot meet her burden on this issue.

7  Even if Plaintiff can prove a foreign substance caused the fall, or create an
8  issue of fact precluding summary judgment on that issue, she certainly cannot prove
9  notice or create an issue of fact.  There is **zero** evidence that Target had actual notice of
10  the mystery condition or that a Target employee created it.  As such actual notice should
11  not be at issue in this case.  To meet her burden of proof regarding notice, Plaintiff will
12  need to rely upon constructive notice or the "mode of operation" rule and she simply
13  cannot.

14  One of the most important questions in determining constructive notice of a
15  dangerous condition is the length of time the condition has been present.  *Walker*, 20
16  Ariz.App. at 258, 511 P.2d at 702.  In *Walker*, plaintiff slipped while walking down a
17  store aisle on a wet yellowish substance determined to be a piece of a peach.  There was
18  no evidence indicating who placed the substance on the floor or as to how long it was on
19  the floor prior to the incident.  *Id.* at 259, 511 P.2d at 703.  The record demonstrated that
20  the defendant employed a professional janitorial service to clean and maintain the aisles
21  and floors after hours, but that they did not employ a regimented housekeeping program
22  or set up a regular inspection schedule.

23  Similarly to the facts in the case at hand, it was store policy, however, that
24  each of its employees had the responsibility of looking out for and cleaning up any spills
25  or substances which they saw on the floor.  In addition, testimony from the defendant's
26  employees was that they had no knowledge of the alleged substance.  As a result,
27  defendant's motion for summary judgment was granted.
28

5777696.1                                     4

The Court of Appeals affirmed summary judgment and held the following:

> The mere presence of a substance on the floor does not raise an inference or a question of fact as to whether the substance was caused to exist by defendant, or by one of its agents. Arizona has in fact taken the position that even where the foreign substance involved is related to a defendant's business, that showing alone would still be insufficient to prove that the presence of the substance was caused by defendant or one of its agents.

*Id.* at 258, 511 P.2d at 702.

The court in *Walker* explained that: "One of the most important questions that must be answered in establishing constructive notice is the length of time that a given foreign substance has been present." *Id.* In *Walker*, because there was no evidence as to how long the substance was on defendant's floor, the plaintiff urged the court to adopt a test for determining a defendant's culpability based solely upon evidence of defendant's housekeeping practices, and further to eliminate the requirement that plaintiff make at least some showing of how long the substance had been on the floor. The court held, however, that such a test is not the law in Arizona, nor is it the law in a majority of the other jurisdictions. "A plaintiff must show that the defective condition had been in existence for a sufficient length of time prior to the injury for the proprietor, in the exercise of reasonable care, to find and correct it, or take remedial action." *Id.* at 259, 511 P.2d at 703.

*See also Contreras v. Walgreens Drug Store No. 3837*, 214 Ariz. 137, 149 P.3d 761 (App. 2006) (the Court of Appeals affirmed summary judgment, determining that the plaintiff had "presented no evidence that Walgreens' employees either caused or knew of the dangerous condition" nor any evidence "as to the length of time that the spill existed"). *Id.* Similarly, in *Borota*, where a hospital visitor slipped on a puddle of milk, the Court of Appeals held that because the Plaintiff was unable to present any evidence that the milk had been present for a sufficient length of time, constructive notice could not be established and, thus, granted defendant's motion for summary judgment. *Borota,* 176 Ariz. at 396, 861 P.2d at 681. In this case, Plaintiff has not presented any evidence of

how long the mystery condition was on the floor to prove constructive notice.

As an alternative to showing actual or constructive notice, in certain circumstances, a plaintiff can present a prima facie case of notice against a business under the "mode of operation" rule. The rule "looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident." *Contreras v. Walgreens Drug Store #3837*, 214 Ariz. 137, 139, 149 P.2d 761, 763 (App. 2006) (quoting *Chiara*, 152 Ariz. at 400, 733 P.2d at 285). "To prevail under a mode-of-operation theory, a plaintiff must establish that: (1) the business reasonably could anticipate that the hazardous condition would occur on a regular basis, and (2) the business did not exercise reasonable care under the circumstances." *Shuck v. Texaco Refining and Marketing, Inc.*, 178 Ariz. 295, 297, 872 P.2d 1247, 1249 (App. 1994).

The mode of operation rule is of limited application because nearly every business enterprise produces some risk of customer interference. *See Chiara v. Fry's Food Stores of Arizona, Inc.,* 152 Ariz. 398, 401, 733 P.2d 283, 286 (Ariz.1987). If the mode of operation rule applied whenever customer interference was conceivable, the rule would engulf the remainder of negligence law. *Id.* A plaintiff could get to the jury in most cases simply by presenting proof that a store's customer could have conceivably produced the hazardous condition. *Id.*

In *Contreras*, evidence that spills occurred about twice a week at a 24-hour drug store was insufficient to establish that such spills regularly created a condition hazardous to customers. In *Contreras*, the plaintiff sued Walgreens after he slipped on a slimy blue substance. The plaintiff alleged Walgreens failed to maintain its floors in a safe condition and knew, or should have known, of a dangerous condition on the floor. Walgreens filed a motion for summary judgment, arguing that plaintiff could not establish actual or constructive notice of the hazardous condition. In opposition, plaintiff argued he was not required to show notice because Walgreens could reasonably anticipate that a dangerous condition would regularly arise because the store manager testified that spills occurred a couple of times a week.

The plaintiff argued that because spills occurred a couple of times a week, spills were regularly occurring within the meaning of the mode of operation rule. The court concluded, however, based on the lack of specificity as to types and locations of spills and the lack of regularity with which they occurred, plaintiff failed to demonstrate that the mode of operation rule applied. The court stated: "…although his evidence might permit a reasonable jury to conclude spills occur with some regularity, *it does not permit the inference such spills regularly created a hazardous condition*." *Id.* at 139, 149 P.3d at 139 (emphasis added). The court held: "that application of the mode-of-operation rule focuses not on whether a spill occurs at some interval, be it twice a week or twice a month, but on whether spills create a condition hazardous to customers with sufficient regularity to be considered customary, usual, or normal. [citation omitted]. The fact that spills occurred twice a week in a store open twenty-four hours a day, without any other evidence about the location of the spills or the hazard they present to customers, is not sufficient for a reasonable jury to conclude that a hazardous condition resulting from those spills would regularly occur." *Id.* at 140, 149 P.3d at 150; *see also Borota v. Univ. Med. Ctr.,* 176 Ariz. 394, 396, 861 P.2d 679, 681 (App.1993) (holding mode of operation rule did not apply because defendant could not anticipate that dangerous condition would regularly arise).

Here, there is zero evidence to support a mode of operation theory. Discovery is closed, and she has no evidence that Target had a history of incidents involving dangerous conditions so that it should anticipate that those conditions would be on the floor on a regular basis and create hazardous conditions to its business invitees. That critical evidence is entirely void in this case. Accordingly, is no evidence to bring this case within the application of the mode of operation rule.

**III.   CONCLUSION**

For the aforementioned reasons, Target respectfully requests the Court enter summary judgment in its favor and dismiss Plaintiff's Complaint in its entirety. She cannot meet her burden of proof, as a matter of law, on the prima facie issues of what

caused her fall and, in the alternative, she cannot prove notice. Finally, she cannot meet her burden of proving that Target adopted a mode of operation such that it experienced hazardous conditions on a regular basis.

DATED this 27th day of April 2017.

JONES, SKELTON & HOCHULI, P.L.C.

By s/ Jefferson T. Collins
Jefferson T. Collins
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004
Attorneys for Defendants Target
Corporation and Target Stores, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of April 2017, I caused the foregoing document to be filed electronically with the Clerk of Court through the CM/ECF System for filing; and served on counsel of record via the Court's CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document to the following non-CM/ECF participants:

Martha Vasquez
4949 W. Northern Avenue Apt 125
Glendale, AZ 85301
Plaintiff

/s/ Kathy Kleinschmidt